IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**October 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TINA W.,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-501**    (Fam. Ct. Taylor Cnty. Case No. FC-46-2014-D-40)

**SPENCER W.,**
**Petitioner Below, Respondent**


### MEMORANDUM DECISION


The Petitioner, Tina W.[1] appeals multiple orders issued by the Family Court of Taylor County regarding Respondent Spencer W.'s refusal to comply with the family court's child support and equitable distribution rulings. Respondent Spencer W. did not participate in the appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error.[3] For these reasons, a memorandum decision affirming the family court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

Our Court has previously addressed multiple underlying issues in this divorce matter in 23-ICA-396 and 23-ICA-490. Thus, because those decisions contain detailed factual recitations, we will only briefly discuss the background facts of the case in this decision. The parties share one minor child, S.W., born in 2006. The parties were divorced by an agreed divorce order entered on January 13, 2015. In that order, Spencer W. was ordered to pay Tina W. $550,000 with 5% interest accruing per year for her share of equitable distribution. The final divorce order also divided the family's multiple businesses and ordered Spencer W. to pay child support.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Tina W. is self-represented.

[3] We recognize our limited and circumspect review of a family court order in an uncontested appeal, like this one, where the respondent failed to participate on appeal to support the order.

1

Spencer W. immediately failed to comply with the parties' agreed divorce order. Thereafter, Tina W. filed her first of many petitions for contempt on March 26, 2015, which was followed by numerous other pleadings and documentation being filed with the family court. After multiple hearings on Spencer W.'s longstanding contempt, at the time of the entry of this decision, he has not complied with the family court's directives.

Relevant to this appeal is a March 7, 2022, family court order, which was entered following a hearing on July 19, 2021. In that order, the family court held that "all pending [contempt] petitions filed by Tina W. were considered to be ongoing without the need to file additional, supplemental allegations of ongoing and uncured contemptuous alleged conduct of Spencer W." Despite the family court's directive for Tina W. *not* to file additional pleadings regarding the same uncured contempt by Spencer W., Tina W. has continued to file numerous pleadings and/or letters with the family court.

The family court failed to address many of Tina W.'s multiple pleadings, motions, and documentation. Therefore, Tina W. filed a writ of mandamus in circuit court. A hearing was held on Tina W.'s writ on July 6, 2023. At that hearing, the circuit court judge encouraged the family court judge and Tina W. to reach an agreement rather than sit through a lengthy mandamus hearing; they agreed that a hearing on all outstanding issues would be held on July 31, 2023. However, shortly thereafter, Spencer W.'s former attorney filed a motion to withdraw as counsel due to Spencer W. being incarcerated and unable to pay his legal fees. Over Tina W.'s objections, the family court granted the motion to withdraw and appointed Spencer W. a guardian ad litem ("GAL") on July 11, 2023, due to his incarceration.

The family court failed to schedule the hearing on all outstanding issues, as agreed to during the mandamus hearing in circuit court. Therefore, Tina W. filed a motion to disqualify the family court judge, which was dismissed by administrative order on or about July 26, 2023.

The parties attempted to develop a plan by which Spencer W. could purge his contempt. Tina W. proposed a plan, but the family court adopted an alternative purge plan, which was entered on July 27, 2023. Spencer W. was released from jail on or about August 27, 2023, after serving 175 days for his failure to comply with the family court's orders.

Tina W. filed a new motion to disqualify on July 28, 2023, as well as a supplement to her motion on July 31, 2023. Neither was taken into consideration.[4] Tina W. filed a

---

[4] It is unclear from the record whether a second administrative order was issued on Tina W.'s second motion to disqualify.

petition for contempt in circuit court against the family court judge on August 15, 2023.[5] On August 21, 2023, Tina W. filed a motion for the immediate release of Spencer W.'s GAL, due to Spencer W. not being indigent. However, Tina W.'s motion was not addressed, and the GAL was permitted to attend a hearing on Spencer W.'s behalf on August 24, 2023. Tina W. then filed a motion to exclude the GAL's testimony and exhibits, which was denied.[6] It is from orders entered on October 12, 2023, October 13, 2023, October 17, 2023, and August 25, 2023, that Tina W. now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Tina W. raises fifteen assignments of error. Several assignments of error are closely related, which we will consolidate. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error).

As her first assignment of error, Tina W. asserts that the family court erred by requiring her to verbally list all outstanding pleadings and/or issues by referencing their docket line-item numbers from the docket sheet during the hearing held on August 24, 2023. We disagree. West Virginia Code § 51-2A-7(a)(1,3-4) (2013) states that a family court judge has the authority to manage the business before them, exercise reasonable control over discovery, and supervise the production of evidence. This case has more than 1000 docket entries. Therefore, in the interest of efficiency, we conclude that the family court did not abuse its discretion requiring that Tina W. address each issue by line-item numbers from the docket sheet.

Second, Tina W. contends that the family court erred by refusing to void and release to her a $60,000 lien against Spencer W. that was held by his former attorney for the

---

[5] It is unclear from the record whether the circuit court ruled on Tina W.'s contempt petition.

[6] The record is unclear about when the motion(s) was denied.

nonpayment of legal fees. The record reflects that Spencer W. failed to pay one of his former attorneys approximately $52,000 in legal fees. Some of the parties' real property was sold and said attorney recorded a lien against Spencer W., which resulted in $60,000 being held in escrow to satisfy the lien. Tina W., in short, argues on appeal that the family court should have voided the lien and released the funds to her. We disagree. The October 12, 2023, final order states that normally each party would be entitled to half of the $60,000 because it was obtained from the sale of marital real property. However, because Spencer W.'s former attorney has a claim to the money, the family court, by order entered on March 7, 2022, held that Spencer W. shall pay Tina W. $60,000 to match the amount being held in escrow. Tina W. was entitled to the first $30,000 for her share of equitable distribution. The family court ordered that the remaining $30,000 also be awarded to Tina W. as a way for Spencer W. to purge his contempt. Thus, Tina W. was awarded the full $60,000, but not in the manner she requested.

Third, Tina W. contends that the family court erred when it refused to grant her emergency motion for entry of a charging order, filed on October 17, 2022.[7] Upon review of this issue, the record reflects that the family court noted in its October 12, 2023, order that it entered an order on March 7, 2022, granting Tina W.'s request to transfer unencumbered assets from certain businesses and that Tina W. was able to sell certain vehicles and equipment but failed to provide an accounting to the family court regarding the monies she collected. Spencer W.'s GAL provided evidence that Spencer W. has satisfied approximately $610,000 of the amount owed by him to Tina W. Further, the family court noted that Tina W., as of the time she filed her emergency motion, had not yet provided evidence showing that her lien was perfected and had not provided an accounting to the family court. Therefore, we conclude at this time that Tina W.'s argument lacks merit. There was no need for the family court to enter a charging order if Tina W. has already received a sizable portion of the monies due her in equitable distribution but has not yet provided an accounting of said received funds.[8]

As her fourth assignment of error, Tina W. asserts that the family court erred by denying her emergency petition to enforce her first lien rights which had been granted to her in the parties' January 13, 2015, corrected agreed decree of divorce. We disagree. Upon our review of this issue, it appears that the family court's ruling on this issue was misunderstood by Tina W. In its October 12, 2023, order, the family court stated that Tina

---

[7] West Virginia Code § 31B-5-504(b) (1996) states that "[a] charging order constitutes a lien on the judgment debtor's distributional interest" in a limited liability company and further explains that "[t]he court may order a foreclosure of a lien on a distributional interest subject to the charging order at any time. A purchaser at the foreclosure sale has the rights of a transferee."

[8] Moreover, it is unlikely that a family court has jurisdiction over a judgment debt collection proceeding brought under West Virginia Code § 31B-5-504.

W. was originally given lien priority rights. However, due to Spencer W.'s refusal to comply with the family court's orders, Tina W. filed multiple contempt petitions and supplemental documentation. Her filings resulted in the parties reaching a settlement for $610,000, which was reflected in an April 6, 2016, order, and supplanted Tina W.'s "first lien rights" which were reflected in the parties' 2015 order. Therefore, we find no error in the family court's decision to resolve any remaining issues between the parties in accordance with their 2016 settlement agreement.

Fifth, Tina W. contends that the family court erred when it dismissed a supplement to her request for emergency entry of an order to Range Resources and request for enforcement of suggestion and motion to compel against Spencer W.'s former attorney. We decline to address this assignment of error as Tina W.'s argument is unclear. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error).

Regarding her sixth assignment of error, Tina W. argues that the family court erred by denying her March 10, 2023, motion to compel West Union Bank to produce information regarding Spencer W.'s finances, stating that it lacked jurisdiction to issue a ruling on said motion. In support of her argument, Tina W. states that the family court had previously ruled on a motion to compel in her case in 2015. Tina W.'s argument lacks merit. West Virginia Code § 51-2A-2(e) (2018) states that "[a] family court is a court of limited jurisdiction." The matters listed in West Virginia Code § 51-2A-2(a) are matters to be settled between family court parties and do not involve third parties. Further, this Code section became effective in 2018 and was not applicable at the time the family court ruled on Tina W.'s 2015 motion. Therefore, the family court did not err by denying Tina W.'s motion to compel West Union Bank to produce documents.

Seventh, Tina W. asserts that the family court erred by holding in abeyance her emergency request for an order regarding the transfer of assets. Because this issue was held in abeyance, this Court lacks jurisdiction to address it, as it is not yet ripe for appeal.

As her eighth assignment of error, Tina W. contends that the family court erred by taking no action on her letter dated June 1, 2023. We disagree. The family court deemed the correspondence to be informative in nature and required no action. We find no error in this finding and affirm.

Next, regarding assignments of error nine and ten, Tina W. argues that the family court erred by dismissing her motion for the immediate release of Spencer W.'s GAL as moot. In support of her argument, Tina W. states that Spencer W. should not have been appointed a GAL while he was incarcerated because he was not indigent. West Virginia Trial Court Rule 21.05 states that "an incarcerated person who is indigent" is eligible for

the appointment of a GAL. The family court, upon determining that Spencer W. was not indigent, corrected its mistake by making Spencer W. pay for the GAL, in accordance with West Virginia Trial Court Rule 21.02, which states that "Appointed guardians ad litem may [. . .] be paid by litigant [. . .] if the litigant [. . .] is not an indigent person." While we agree that a GAL should not have been appointed to Spencer W., the family court corrected the error and as a result this issue is moot.

For her eleventh assignment of error, Tina W. asserts that the family court erred when it denied her July 27, 2023, motion for reconsideration of its order allowing Spencer W.'s former attorney to withdraw as his counsel. We disagree. Rule 1.16(b)(6) of the West Virginia Rules of Professional Conduct states that "a lawyer may withdraw from the representation of a client if "the representation will result in an unreasonable financial burden on the lawyer." Because Spencer W. failed to pay his attorney, it was proper for the family court to permit his withdrawal as counsel. Further, regarding motions to reconsider, West Virginia Code § 51-2A-10(a) (2001) states,

> Any party may file a motion for reconsideration of a temporary or final order of the family court for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been available at the time the matter was submitted to the court for decision; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) clerical or other technical deficiencies contained in the order; or (5) any other reason justifying relief from the operation of the order.

Here, Tina W.'s motion to reconsider did not meet any of the requirements of West Virginia Code § 51-2A-10(a). Therefore, we find no error in the family court's decision to deny Tina W.'s motion to reconsider.

Twelfth, Tina W. contends that the family court erred by denying her August 15, 2023, motion for reconsideration of its order denying her request for a judgment order. Upon review, we conclude that Tina W.'s motion for reconsideration did not meet the requirements of a motion for reconsideration, as listed above in West Virginia Code § 51-2A-10(a).

Next, as her thirteenth assignment of error, Tina W. argues that the family court erred in denying her motion for reconsideration of its order retroactively modifying child support. Upon further review of this assignment of error, the record reflects that a hearing was held on March 6, 2023, upon Spencer W.'s request to reduce his then child support obligation. At that hearing, Tina W. provided the family court with hundreds of pages showing that Spencer W. had been and continued to be dishonest about his income. Tina W. argued below and on appeal that the family court failed to follow the definition of "gross income" in determining Spencer W.'s new child support obligation, particularly by not

including payments made to Spencer W. by Davis Trust. Here, Tina W.'s motion to reconsider did not meet the requirements of a motion to reconsider set forth West Virginia Code § 51-2A-10(a). Thus, the family court did not commit error by denying her motion to reconsider.

As her fourteenth assignment of error, Tina W. asserts that the family court erred when it dismissed her September 26, 2023, motion for the enforcement of the court's order approving an alternative purge plan for Spencer W.'s noncompliance with its orders. We disagree. Upon review of the record, the family court dismissed her motion because it was moot, and noted in its October 17, 2023, order that the matter was set for hearing on a later date during which the issue will be revisited. Pursuant to West Virginia Code § 51-11-4(b)(2), this Court only has jurisdiction over family court orders that are final. Because this matter was set for a later date to be heard in family court and no final order on this assignment of error has been issued by the family court, this Court lacks jurisdiction to address it.

Lastly, as her fifteenth and final assignment of error, Tina W. argues that the family court erred when it dismissed her response to an order setting a hearing and motion to enforce a July 15, 2022, order. Tina W. states on appeal that she requested that the family court make corrections to one of the orders. Here, we are unable to address this assignment of error, as Tina W. does not identify with specificity what types of corrections were needed. Further, Tina W. does not state on appeal how she suffered prejudice by these family court rulings and cites no legal authority for her argument. *See State v. Sites*, 241 W. Va. 430, 442, 825 S.E.2d 758, 770 (2019) (declining to address an assignment of error that includes no legal authority to support the argument).

Accordingly, we affirm the family court's October 12, 2023, October 13, 2023, October 17, 2023, and August 25, 2023, orders.

Affirmed.

**ISSUED:** October 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

7